UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-71(DSD/JJG)

Hawa Kennedy,

        Plaintiff,

v.                                       **ORDER FOR JUDGMENT**

Heritage of Edina, Inc.,

        Defendant.


This employment dispute arises out of the December 2010 termination of plaintiff Hawa Kennedy by defendant Heritage of Edina, Inc. (Heritage). In her complaint, plaintiff alleged claims for (1) race and national origin discrimination under disparate treatment and hostile work environment theories, (2) retaliation and reprisal, (3) disability discrimination, (4) breach of contract, and (5) promissory estoppel. On August 4, 2014, the court granted summary judgment to Heritage on Kennedy's disability discrimination, breach of contract, and promissory estoppel claims. The remaining claims proceeded to jury trial from January 12-14, 2015. After Kennedy rested, Heritage moved for judgment as a matter of law on all claims. After Heritage rested, Kennedy moved for judgment as a matter of law on all claims, and Heritage renewed its motion. The court took the motions under advisement.

On January 14, 2015, the jury returned a verdict in favor of Kennedy on her disparate treatment claim but awarded no damages.[1] The jury found for Heritage on all remaining claims. As a result, Heritage's motion for judgment as a matter of law - except as it relates to the disparate treatment claim - is now moot. Likewise, Kennedy's motion for judgment as a matter of law on her disparate treatment claim is moot.

As to the remaining claims, judgment as a matter of law is appropriate only when all of the evidence, viewed in a light most favorable to the prevailing party, "points one way and is susceptible of no reasonable inference sustaining [the prevailing party's] position." Racicky v. Farmland Indus., Inc., 328 F.3d 389, 393 (8th Cir. 2003) (citation and internal quotation marks omitted). The court gives the jury's verdict substantial deference, but the jury cannot be afforded "the benefit of unreasonable inferences, or those at war with the undisputed facts." McAnally v. Gildersleeve, 16 F.3d 1493, 1500 (8th Cir. 1994) (citation and internal quotation marks omitted). After review, the court finds that the jury's verdict was not a product

---

[1] Specifically, the jury found that Kennedy's race or national origin, or both, was a motivating factor of Heritage's conduct toward her, but that Heritage would have taken the same actions against Kennedy regardless of her race or national origin. As a result, Kennedy was not entitled to damages. See 42 U.S.C. § 2000e-5(g)(2)(B) (prohibiting an award of damages if defendant establishes that it "would have taken the same action in the absence of the impermissible motivating factor").

of unreasonable inferences and that the record supported the verdict. As a result, neither Kennedy nor Heritage are entitled to judgment as a matter of law. Having found that the verdict is supported by the evidence introduced at trial, the court will order that judgment be entered in favor of Kennedy.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The court adopts the verdict of the jury;

2. Judgment is in favor of Kennedy and against Heritage on Kennedy's disparate treatment claim;

3. The jury found for Heritage on Kennedy's hostile work environment claim;

4. The jury found for Heritage on Kennedy's retaliation and reprisal claim;

5. The motion by Kennedy for judgment as a matter of law on her hostile work environment claim is denied;

6. The motion by Kennedy for judgment as a matter of law on her retaliation and reprisal claim is denied;

7. The motion by Heritage for judgment as a matter of law on Kennedy's disparate treatment claim is denied; and

8. The remaining motions by Kennedy and Heritage for judgment as a matter of law are denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   January 15, 2015

s/David S. Doty
David S. Doty, Judge
United States District Court