UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-71(DSD/HB)

Hawa Kennedy,

          Plaintiff,

v.                                              **ORDER**

Heritage of Edina, Inc.,

          Defendant.

> Gerald T. Laurie, Esq. and Laurie & Laurie, P.A., 1660
> South Highway 100, Minneapolis, MN 55416, counsel for
> plaintiff.
>
> Kerri J. Nelson, Esq. and Bassford Remele, PA, 30 South
> Sixth Street, Suite 3800, Minneapolis, MN 55402, counsel
> for defendant.

This matter is before the court upon the request by plaintiff
Hawa Kennedy for equitable relief pursuant to the Minnesota Human
Rights Act (MHRA), or in the alternative, to bring a motion to
reconsider the jury's findings as a matter of law.  Based on a
review of the file, record, and proceedings herein, and for the
following reasons, the court grants the request in part.

**BACKGROUND**

This employment dispute arises out of the December 2010
termination of plaintiff Hawa Kennedy by defendant Heritage of
Edina, Inc. (Heritage).  In her complaint, plaintiff alleged claims
for (1) race and national origin discrimination under disparate
treatment and hostile work environment theories, (2) retaliation

and reprisal, (3) disability discrimination, (4) breach of contract, and (5) promissory estoppel. ECF No. 1-1. The discrimination, hostile work environment, and retaliation claims were brought under Title VII and the MHRA. Id. On August 4, 2014, the court granted summary judgment to Heritage on Kennedy's disability discrimination, breach of contract, and promissory estoppel claims. ECF No. 21. The remaining claims proceeded to jury trial from January 12-14, 2015. After Kennedy rested, Heritage moved for judgment as a matter of law on all claims. After Heritage rested, Kennedy moved for judgment as a matter of law on all claims, and Heritage renewed its motion. The court took the motions under advisement.

On January 14, 2015, the jury returned a verdict in favor of Kennedy on her disparate treatment claim but awarded no damages. ECF No. 78. Specifically, the jury found that Kennedy's race or national origin, or both, was a motivating factor in Heritage's adverse employment actions toward her, but that Heritage would have taken the same actions regardless of her race or national origin. Id. at 1. The jury found for Heritage on all remaining claims. On January 15, 2015, the court issued an order adopting the jury verdict, granting judgment in favor of Kennedy on her disparate treatment claim, and denying the motions taken under advisement. ECF No. 81.

On January 20, 2015, Kennedy filed a letter with the court requesting equitable and other relief under the MHRA. Pursuant to Local Rule 7.1, Kennedy alternatively requested the opportunity to bring a motion for reconsideration of the jury findings as a matter of law.

## DISCUSSION

## I.   Request for Reconsideration

Motions to reconsider require the "court's prior permission," which will be granted only upon a showing of "compelling circumstances." D. Minn. LR 7.1(j). If a defendant is found liable in a mixed-motive case brought under Title VII, the defendant may show that "it would have made the same decision in the absence of a discriminatory motive." Griffith v. City of Des Moines, 387 F.3d 733, 744 (8th Cir. 2004). This defense "allows the defendant employer to limit the plaintiff's remedy, but does not negate liability." Id. at 744-45. As a result, an employer who prevails on a "same decision" defense is found liable under Title VII but cannot be required to pay damages. See 42 U.S.C. § 2000e-5(g)(2)(B) (prohibiting damages if employer "would have taken the same action in the absence of the impermissible motivating factor").

In her request, Kennedy argues that the court committed error in submitting the same decision defense to the jury on her MHRA

3

claim.  See Anderson v. Hunter, Keith, Marshall & Co., Inc., 417
N.W.2d 619, 626-27 (Minn. 1988) (declining to apply a same decision
analysis under the MHRA).   Kennedy failed, however, to make this
argument  at  any  time  before  the  instant  request.   A motion to
reconsider  should  not  "serve  as  the  occasion  to  tender  new  legal
theories  for  the  first  time."   Hagerman v. Yukon Energy Corp., 839
F.2d  407,  414  (8th  Cir.  1988)  (citation  and  internal  quotation
marks  omitted);  see  also  In re Potash Antitrust Litig., No. 3-93-
197, 1994 WL 2255, at *1 (D. Minn. Jan. 4, 1994) ("Reconsideration
should  not  serve  as  a  vehicle  to  ...  raise  legal  arguments  which
could  have  been,  but  were  not,  raised  or  adduced  during  the
pendency  of  the  motion  of  which  reconsideration  is  sought.").

     Kennedy  further  argues  that  by  generally  objecting  to  the
inclusion  of  the  same  decision  defense  for  both  claims,  she
preserved  the  issue  for  purposes  of  reconsideration.   The  court
disagrees.   Before  trial,  Kennedy  proposed  that  the  jury  consider
her  Title  VII  and  MHRA  claims  -  and  damages  pursuant  to  those
claims  -  under  the  same  analysis.   See  ECF  No.  56  at  35-36.   She
cannot  now  reverse  course  and  argue  that  damages  should  have  been
considered  independently  under  both  statutes.   See  Lopez v. Tyson
Foods, Inc., 690 F.3d 869, 876 (8th Cir. 2012) ("[A]n erroneous
ruling  generally  does  not  constitute  reversible  error  when  it  is
invited  by  the  same  party  who  seeks  on  appeal  to  have  the  ruling
overturned.");  see  also  Deweese v. Lakeview Clinic, Ltd., Nos. A13-

4

2152, A13-2160, 2014 WL 4388674, at *11 (Minn. Ct. App. Sept. 8, 2014) (rejecting argument that plaintiff had a right to a jury determination as to damages on his MHRA claims, where plaintiff first raised the argument in post-trial motion).  The court does not find that compelling circumstances warrant reconsideration, and as a result, Kennedy's request is denied.

## II.  Request for Equitable and Other Relief

Kennedy also asks the court to order various forms of relief based on the finding of liability on her disparate treatment claim. Under the MHRA, "[i]f the court or jury finds that the [defendant] has engaged in an unfair discriminatory practice, it shall issue an order or verdict directing appropriate relief as provided by section 363A.29, subdivisions 3 to 6."  Minn. Stat. § 363A.33, subd. 6.  Kennedy requests that the court order that Heritage (1) cease and desist from unfair discriminatory practices found to exist and to take such equitable action as will effectuate the purposes of the MHRA, (2) pay a civil penalty, (3) pay compensatory damages and damages for mental anguish and suffering, and (4) pay attorney's fees.[1]

As stated, the jury reached a verdict on compensatory damages and damages for mental anguish and suffering, and the court will not disrupt those findings here.  The jury did not consider,

---

[1] The request for attorney's fees is redundant to the motion for attorney's fees and other costs filed on January 28, 2015, and the court will not consider it here.  See ECF No. 86.

however, whether a civil penalty or other equitable relief is warranted. These forms of relief are not precluded by the same decision defense under Title VII. <u>See</u> 42 U.S.C. § 2000e-5(g)(2)(B)(i) (stating that the court may still "grant declaratory relief, injunctive relief ..., and attorney's fees and costs"). And such relief is mandatory under the MHRA. <u>See</u> Minn. Stat. § 363A.29, subd. 4(a) ("The [court] shall order any [defendant] to be found in violation of any provision ... to pay a civil penalty to the state."); § 363A.29, subd. 3 (stating that the court "shall issue an order directing the [defendant] to cease and desist from the unfair discriminatory practice found to exist and to take such affirmative action as in the judgment of the [court] will effectuate the purposes of this chapter").[2]

In determining the amount of the civil penalty to be paid to the state, the court considers "the seriousness and extent of the violation, the public harm occasioned by the violation, whether the violation was intentional, and the financial resources of the [defendant]." <u>Id.</u> Based on these factors, the court finds that a

---

[2] Heritage argues that Kennedy waived these forms of relief by not requesting the jury to address them in the verdict. The court disagrees. Courts often award additional relief under the MHRA following a jury determination on damages. <u>See</u> <u>Briel v. Chang O'Hara's Bistro, Inc.</u>, No. 03-6549, 2005 WL 827087, at *4 (D. Minn. Apr. 8, 2005); <u>Bradley v. Hubbard Broadcasting, Inc.</u>, 471 N.W.2d 670, 681 (Minn. Ct. App. 1991); <u>see</u> <u>also</u> <u>Milner v. Farmers Ins. Exchange</u>, 748 N.W.2d 608, 610 (Minn. 2008) (discussing civil penalty and injunctive relief under the Minnesota Fair Labor Standards Act).

civil penalty of $500 is warranted.  Although the jury found that Heritage intentionally discriminated against Kennedy, the conduct at issue here was less severe and pervasive than other cases in which higher penalties were ordered.  See, e.g., Ewald v. Royal Norwegian Embassy, No. 11-2116, 2014 WL 7409565, at *85 (D. Minn. Dec. 31, 2014) (imposing a $1,000 penalty where female plaintiff was paid 42 percent less than her male counterpart and was awarded $270,594 in damages); Briel v. Chang O'Hara's Bistro, Inc., No. 03-6549, 2005 WL 827087, at *4 (D. Minn. Apr. 8, 2005) (assessing a $1,000 penalty where plaintiff prevailed on sexual harassment, constructive discharge, and retaliation claims).

Moreover, the court will direct Heritage to cease and desist from discriminatory conduct under the MHRA.  The jury determined that Kennedy was discriminated against on the basis of her race or national origin, and as a result, such an order is mandatory.  See Minn. Stat. § 363A.29, subd. 3.  The jury did not determine, however, that this discrimination was experienced by others at Heritage.  As a result, the court does not find that an order directing Heritage to take other affirmative steps is warranted.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's request for equitable relief or to file a motion to reconsider [ECF No. 83] is granted in part;

2.   Defendant is ordered to cease and desist from unfair discriminatory practices in violation of the MHRA;

   3.   Defendant shall pay $500 to the general fund of the State of Minnesota for its violation of the MHRA, pursuant to Minn. Stat. § 363A.29, subd. 4; and

   4.   The Clerk of Court is directed to serve a copy of this order upon the attorney general of the State of Minnesota, pursuant to Minn. Stat. § 363A.33, subd. 6.

Dated:  February 2, 2015

                              s/David S. Doty
                              David S. Doty, Judge
                              United States District Court