UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-71(DSD/HB)

Hawa Kennedy,

                Plaintiff,

v.                                                    **ORDER**

Heritage of Edina, Inc.,

                Defendant.


          Gerald T. Laurie, Esq. and Laurie  & Laurie, P.A.,
          Leopold B. Epee, Esq. and Epee Law Firm, LLC, 1660 South
          Highway 100, Minneapolis, MN 55416, counsel for
          plaintiff.

          Kerri J. Nelson, Esq. and Bassford Remele, PA, 30 South
          Sixth Street, Suite 3800, Minneapolis, MN 55402, counsel
          for defendant.



     This matter is before the court upon the motion for attorney's

fees and costs by plaintiff Hawa Kennedy.  Based on a review of the

file, record, and proceedings herein, and for the following

reasons, the court grants the motion in part.


                            **BACKGROUND**

     This employment dispute arises out of the December 2010

termination of Kennedy by defendant Heritage of Edina, Inc.

Kennedy filed the instant action in Hennepin County District Court

on December 21, 2012, alleging (1) race and national origin

discrimination, (2) retaliation and reprisal, (3) disability

discrimination, (4) breach of contract, and (5) promissory

estoppel.   The claim for race and national origin discrimination was premised on disparate treatment and hostile work environment theories.   Kennedy brought that claim and the claim for retaliation and reprisal under Title VII and the Minnesota Human Rights Act (MHRA).

Heritage timely removed, and on November 14, 2013, Kennedy filed an amended complaint seeking punitive damages.   On August 4, 2014, the court granted partial summary judgment to Heritage and dismissed the disability discrimination, breach of contract, and promissory estoppel claims.   ECF No. 42.   On December 3, 2014, Heritage made a Rule 68 offer of judgment to Kennedy for $24,000, inclusive of costs, disbursements, and attorney's fees.   Nelson Decl. Ex. B.   Kennedy rejected the offer, and the matter proceeded to a jury trial in January 2015.

Both parties moved for judgment as a matter of law at trial, and the court took the motions under advisement.   Based on the evidence adduced at trial, the court declined to submit the issue of punitive damages to the jury.   On January 14, 2015, the jury returned a verdict in favor of Kennedy on her disparate treatment claim but awarded no damages.   ECF No. 78.   Specifically, the jury found that Kennedy's race or national origin, or both, was a motivating factor in Heritage's adverse employment actions, but that Heritage would have taken the same actions regardless of her race or national origin.   Id. at 1.   The jury found for Heritage on

2

the hostile work environment and retaliation claims.  The court adopted the jury verdict and denied the motions for judgment as a matter of law.  ECF No. 81.

On January 20, 2015, Kennedy filed a letter with the court requesting various relief under the MHRA.  ECF No. 83. Specifically, she asked that the court order Heritage to cease and desist from unfair discriminatory practices and take such equitable action as will effectuate the purposes of the MHRA, and to pay a civil penalty and damages.  Id.  Kennedy alternatively requested leave under Local Rule 7.1(j) to bring a motion to reconsider the jury's findings.  Id.  The court denied the request to file a motion to reconsider, but ordered Heritage to cease and desist from unfair discriminatory practices and to pay a $500 civil penalty to the state.  ECF No. 91.  The court did not order any additional injunctive relief, however, because there was no indication that future violations would occur with respect to other employees.  Id. at 7.  Thereafter, Kennedy moved for $160,195.20 in attorney's fees and costs.[1]

---

[1] Kennedy's counsel states that they accrued $161,959 in fees and $1,834.31 in costs.  Pl's Mem. at 4.  It is unclear how they arrived at this figure.  The court has carefully reviewed the record and finds that Kennedy's attorneys accrued $160,195.20 in fees during this lawsuit.  Moreover, the invoice that counsel submitted in support of their cost request simply lists a "[p]revious balance" of $1,777.11 and copying costs of $57.20. Laurie Decl. Ex. B, at 14.  Such limited information is insufficient to support a cost award of any amount.

## DISCUSSION

### I.   Eligibility for Attorney's Fees

Title VII and the MHRA permit the court, in its discretion, to award reasonable attorney's fees to a prevailing party as part of the costs.   42 U.S.C. § 2000e-5(k);[2] Minn. Stat. § 363A.33, subd. 7.   Heritage argues that Kennedy is not entitled to recover fees because she is not a prevailing party.   The court disagrees.

To be a prevailing party, a plaintiff "must obtain at least some relief on the merits of [her] claim."   Farrar v. Hobby, 506 U.S. 103, 111 (1992).   The relief must also "materially alter[] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."   Id. at 111-12.   Although Kennedy did not receive any damages, she obtained relief in the form of a civil penalty and an injunction prohibiting future discrimination.   She will benefit from this relief should she choose to reapply for her position.   Although limited, the court finds that this relief is sufficient to confer prevailing party status.   See Farrar, 506 U.S. at 114 ("[T]he prevailing party

---

[2] Although Kennedy relies on § 2000e-5(k) to argue that she is entitled to fees under federal law, it is unclear whether her motion should instead be governed by § 2000e-5(g)(2)(B)(i), which permits the recovery of fees when, as here, a defendant succeeds on a same-decision defense.   That section does not premise a fee award on prevailing party status.   See Hall v. City of Brawley, 887 F. Supp. 1333, 1346 n.5 (S.D. Cal. 1995) (finding that § 2000e-5(g)(2)(B)(i) "prevails over the general case law ... for determining who is a prevailing party").   Nevertheless, the court will proceed with an analysis under § 2000-e5(k).

inquiry does not turn on the magnitude of the relief obtained.");
Ollis v. HearthStone Homes, Inc., 495 F.3d 570, 576 (8th Cir. 2007)
(finding Title VII plaintiff who received nominal damages to be a
prevailing party); Parton v. GE N., Inc., 971 F.2d 150, 155-56 (8th
Cir. 1992) (same).  As a result, Kennedy is a prevailing party and
may recover attorney's fees.

## II.  Reasonableness of the Requested Fees

Heritage next argues that, if Kennedy is a prevailing party,
the amount of fees that she requests is unreasonable in light of
her limited success, her counsel's failure to adequately document
time spent on this matter, and her rejection of a substantial
settlement offer before trial.  "The starting point in determining
attorney fees is the lodestar, which is calculated by multiplying
the number of hours reasonably expended by the reasonable hourly
rates."  Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005) (citation
and internal quotation marks omitted).[3]   In assessing the
reasonableness of fees, the court considers:

> (1) the time and labor required; (2) the novelty and
> difficulty of the questions; (3) the skill requisite to
> perform the legal service properly; (4) the preclusion of
> employment by the attorney due to acceptance of the case;
> (5) the customary fee; (6) whether the fee is fixed or
> contingent; (7) time limitations imposed by the client or
> the circumstances; (8) the amount involved and the

---

[3] The court finds that the hourly rates of $500, $225, and
$200 charged by Kennedy's counsel are reasonable.  See Laurie Decl.
Ex. B; Épée Decl. ¶ 18; see also Turner v. Mukasey, No. 01-CV-1407,
2008 WL 62261, at *5 (D. Minn. Jan. 3, 2008) (approving hourly
rates of $500, $227, and $120 in a Title VII action).

results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983).[4]   In calculating the reasonable number of hours expended, the court excludes hours that are "excessive, redundant, or otherwise unnecessary." Id. at 434.

### A.   Limited Success

Heritage first argues that Kennedy should receive no fees because of her limited success.   The court disagrees.   "A prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances." Kline v. City of Kan. City, Mo., Fire Dep't, 245 F.3d 707, 708 (8th Cir. 2001) (citation and internal quotation marks omitted).   In order to receive fees, however, a prevailing plaintiff "must achieve more than a technical or de minimis victory." Fires v. Heber Springs Sch. Dist., 565 F. App'x 573, 575 (8th Cir. 2014).

To determine whether a prevailing party's limited success precludes a fee award in its entirety, the court considers (1) the difference between the amount recovered and damages sought, (2) the significance of the legal issue, and (3) the public purpose served

---

[4] The court applies the same analysis under the MHRA and Title VII when determining a reasonable amount of attorney's fees. Anderson v. Hunter, Keith, Marshall & Co., Inc., 417 N.W.2d 619, 628 (Minn. 1988).

by the litigation.  Piper v. Oliver, 69 F.3d 875, 877 (8th Cir. 1995).   Here, Kennedy vindicated her rights and secured an injunction prohibiting future discrimination.  The legal issues and public purpose at stake in this litigation therefore were not insignificant.  Moreover, Kennedy's recovery was not so limited that an award of any fees would be inappropriate.  See Jones v. Lockhart, 29 F.3d 422, 424 (8th Cir. 1994) (awarding fees to a § 1983 plaintiff who sought $860,000 but received $2); Piper, 69 F.3d at 877 (awarding fees where plaintiff received $1 in compensatory damages).  As a result, Kennedy's recovery does not foreclose a fee award.

The court finds, however, that a significant reduction is warranted due to Kennedy's limited success.  Kennedy prevailed on only one claim, received no damages, failed to establish sufficient evidence to justify a punitive damages instruction, and received limited equitable relief.  The court therefore finds it appropriate to reduce the fee award by two-thirds.  This reduction is commensurate with awards in other civil rights cases involving similar relief.  See Fires, 565 F. App'x at 577 (affirming reduction of $57,225 fee request to $10,000 where plaintiff was awarded only nominal damages); Kirby v. Roth, 515 F. App'x 642, 643-44 (8th Cir. 2013) (affirming reduction of $15,900 fee request to $4,005 to account for limited success); Jones, 29 F.3d at 424 (reducing $25,000 fee award to $10,000 where plaintiff succeeded on

7

one of three claims and received nominal damages); <u>Flowers v.
Thunder</u>, No. 12-1881, 2014 WL 5362264, at *4-5 (D. Minn. Oct. 21,
2014) (reducing fees from $49,928 to $16,642.67, where plaintiff
sought $98,000 in damages but received $140 and succeeded on one of
three claims).

     **B.**   **Imprecise Billing**

Heritage next argues that the award should be reduced due to
vague billing entries.  Imprecise billing may warrant a reduction
where the court cannot adequately review the fee application for
excessive, redundant, or otherwise unnecessary hours.  <u>H.J. Inc. v.
Flygt Corp.</u>, 925 F.2d 257, 260 (8th Cir. 1991).  The records
submitted by Gerald Laurie, who served as Kennedy's primary
counsel, include entries such as "Parking," "Review ???," "Status
update," and "Conf w/ Jerry re: case."  <u>See</u> Laurie Decl. Ex. B, at
2, 3, 7, 11.  The court cannot identify the underlying purpose of
these entries, and as a result, cannot determine whether the time
was reasonably spent or was related to the successful disparate
treatment claim.  <u>See</u> <u>Flygt</u>, 925 F.2d at 260 (reducing fee award
where entries for "legal research," "trial prep," and "met w/
client" prevented the court from determining whether those tasks
related to the claims on which plaintiff prevailed).  After
carefully reviewing the documents submitted by Laurie, the court
finds that a $6,000 reduction is warranted due to vague billing.

In addition, Leopold Épée, who served as co-counsel to Laurie, failed to submit any contemporaneous record of his time spent on this matter. "[T]he absence of detailed contemporaneous attorney's time records calls for a substantial reduction of any award, or in egregious cases, disallowance." DiPietro v. Runyon, 914 F. Supp. 714, 717 (D. Mass. 1996). Épée estimates that he spent 117 hours on this action, and requests $26,325 in attorney's fees. Épée Decl. ¶¶ 17, 18. To arrive at this estimate, Épée states that he reviewed his notes, the documents that he prepared during this action, and his calendar. Épée Decl. ¶ 15. He also claims to have spent "extensive amounts of time" on discovery, deposition work, motion practice, and other tasks. Id. ¶ 16. These after-the-fact statements are insufficient to support his request. See Bailey v. Runyon, 50 F. Supp. 2d 891, 894-95 (D. Minn. 1999) (reducing fee award to $2,000 where counsel provided a three-page summary of hours logged). The court therefore will reduce the award by an additional $26,000, resulting in a total reduction of $32,000 for imprecise billing.

### C. Substantial Settlement Offer

Heritage next argues that its December 3, 2014, offer of judgment of $24,000 precludes Kennedy from recovering attorney's fees that accrued after that date. Under Rule 68, "a plaintiff who declines an offer of judgment and does not obtain a more favorable judgment may not recover costs ... for work after the offer."

Brown v. Cox, 286 F.3d 1040, 1047 (8th Cir. 2002).  Attorney's fees
are considered "costs" under Title VII and the MHRA.  See 42 U.S.C.
§ 2000e-5(k); Minn. Stat. § 363A.33, subd. 7.  "In determining the
value of the relief, the defendant bears the burden of showing that
the Rule 68 offer was more favorable than the judgment."  Reiter v.
MTA New York City Transit Auth., 457 F.3d 224, 231 (2d Cir. 2006).

Heritage argues that its Rule 68 offer was more favorable than
the final judgment because Kennedy did not receive any damages and
incurred only minimal costs.  Heritage does not, however, include
Kennedy's accrued pre-offer fees in its calculation of the relief
finally obtained.  See Marryshow v. Flynn, 986 F.2d 689, 692 (4th
Cir. 1993) (stating that the judgment for Rule 68 purposes must
include "the costs actually awarded by the court for the period
that preceded the offer"); see also Scheeler v. Crane Co., 21 F.3d
791, 793 (8th Cir. 1994) (including pre-offer attorney's fees when
determining whether the judgment obtained exceeded the offer of
judgment).  The court must also include the value of any equitable
relief obtained by the plaintiff.  See Reiter, 457 F.3d at 231.

Based on the court's review of the record, Kennedy incurred
$73,338 in attorney's fees attributable to Laurie by the time
Heritage made its offer of judgment.  Applying a two-thirds
reduction to this amount, Laurie had accrued $24,201.54 in
reasonable attorney's fees by December 3, 2014.  As explained, the
court cannot determine the amount of fees attributable to Épée by

that time.  In addition, Kennedy secured a $500 civil penalty to the state and obtained injunctive relief against Heritage.  As a result, Heritage has not established that the $24,000 offer of judgment was more valuable than the judgment that Kennedy actually obtained.

A reduction is warranted, however, because Kennedy rejected a substantial settlement offer that would have avoided additional costly litigation.  "Substantial settlement offers should be considered by the district court as a factor in determining an award of reasonable attorney's fees, even where Rule 68 does not apply."  Parke v. First Reliance Standard Life Ins. Co., 368 F.3d 999, 1012 (8th Cir. 2004) (quoting Moriarty v. Svec, 233 F.3d 955, 967 (7th Cir. 2000)).  "[A]n offer is substantial if ... the offered amount appears to be roughly equal to or more than the total damages recovered by the prevailing party."  Id. at 1013 (quoting Moriarty, 233 F.3d at 967).  The court therefore reduces the fee award by and additional $15,000, to $113,195.20.  Applying a two-thirds reduction, the court finds that Kennedy is entitled to $37,354.42 in reasonable attorney's fees.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motion for attorney's fees and costs is granted in part; and

11

    2.   Kennedy is awarded $37,354.42 in attorney's fees.


Dated:  June 22, 2015

                              s/David S. Doty
                              David S. Doty, Judge
                              United States District Court